UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAMIE FABRE' RICKSY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:21-cv-1599 |
| | ) |
| CLOSURE SYSTEMS | ) |
| INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.    Plaintiff, Ramie Fabre' Ricksy ("Ricksy"), brings this action against Defendant,

Closure Systems International, Inc. ("Defendant"), for unlawfully violating her rights as protected

by the Americans With Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"),

Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C.§ 1981.

## PARTIES

2.    Ricksy has resided within the Southern District of Indiana at all relevant times.

3.    Defendant is a corporation doing business within the Southern District of Indiana.

## JURISDICTION AND VENUE

4.    Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988;  29

U.S.C. § 2617(a)(2);  42 U.S.C. § 2000e-5(f)(3); 42 U.S.C. § 12117, and 42 U.S.C.§ 1981.

5.    Ricksy was an "employee" within the meaning of 42 U.S.C. § 12111(4), 29 U.S.C.

§ 2611(3), and 42 U.S.C. § 2000e(f).

6.    Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A), 42

Case 1:21-cv-01599-SEB-TAB   Document 1   Filed 06/09/21   Page 2 of 9 PageID #: 2

U.S.C. § 2000e(b), and 29 U.S.C. § 2611(4).

7.      Between January 1, 2019, and January 14, 2020, Ricksy was an "eligible employee" as that term is defined by the FMLA.

8.      Ricksy had several "serious health conditions," as defined by the FMLA, between in or about April 2019 and in or about January 2020.

9.      Since January 1, 2018, Defendant has employed 50 or more employees within a 75-mile radius of the location at which Ricksy worked.

10.     Ricksy worked 1,250 or more hours in the 12-month period preceding April 1, 2019.

11.     Ricksy worked 1,250 or more hours in the 12-month period preceding October 1, 2019.

12.     Ricksy worked 1,250 or more hours in the 12-month period preceding December 29, 2019.

13.     Ricksy satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

14.     The EEOC issued a right-to-sue notice to Ricksy. She now timely files her lawsuit.

15.     Venue is proper in this Court.

**FACTUAL ALLEGATIONS**

16.     Ricksy is female, is black, is a qualified individual with a disability, and/or was regarded as disabled by Defendant.

17.     Defendant hired Ricksy in or about October 2017.

18.     Ricksy was an Auditor when Defendant fired her.

19.     Ricksy's work performance met or exceeded Defendant's legitimate expectations at

-2-

all relevant times.

20.      Ricksy applied and interviewed for several Rapid Problem Solver ("RPS") positions.

21.      Defendant represented to Ricksy that it did not select her for the position because she did not have "cell tech" experience.

22.      Defendant hired three white males for RPS positions, yet they were new employees and had lesser qualifications for the position as compared with her.

23.      In or about April 2019, Ricksy was involved in a car accident resulting in a debilitating back injury that substantially restricted her in several major life functions, including, but not limited to, lifting, working, pushing, and pulling.

24.      Ricksy received ongoing medical treatment and work restrictions for her disability.

25.      Ricksy notified Defendant of her restrictions and any changes thereto over the next multiple months.  These notifications constituted her requests for reasonable accommodations. She provided Defendant medical paperwork supporting her accommodation requests.

26.      In or about September 2019, Defendant ordered Ricksy to perform packing work that exceeded her restrictions.  She asked that she not be required to fill in as a packer because of her restrictions and the fact she continued to have back pain.  Her request constituted a request for a reasonable accommodation.

27.      Ricksy offered to obtain additional medical paperwork supporting her ongoing need for restrictions.

28.      Defendant disregarded Ricksy's accommodation request and ordered her to perform the packing job.

29.      Defendant did not engage in the interactive process with Ricksy or propose an

alternative accommodation.

30.     Ricksy complied with Defendant's directive while being in pain.

31.     In or about October 2019, Ricksy notified Defendant of her request for intermittent FMLA leave because of her disability.

32.     Defendant approved her request for intermittent FMLA leave.

33.     On or about December 29, 2019, Ricksy experienced flu-like symptoms requiring that she visit the Emergency Room for diagnosis and treatment.

34.     Ricksy then missed approximately one week of work because of the flu.

35.     Ricksy's medical leave constituted an FMLA-qualifying leave.

36.     Ricksy returned to work on or about January 6, 2020.

37.     Defendant fired Ricksy on or about January 14, 2020.

38.     Purportedly, Defendant fired Ricksy because she did not call the containment team after testing the strength of bond temper bands for bottles and determining they were weak but not scrappable weak.

39.     Ricksy reported her findings to Defendant, and a Utility Tech employee determined the pieces were not scrap and could move forward.

40.     Subsequently, the containment team reviewed the bands and likewise determined they were not scrappable.

41.     Ricksy had no reasonable notice that her employment was in jeopardy when Defendant fired her.

42.     Defendant has accorded more favorable treatment to similarly-situated employees outside of Ricksy's protected classes in the terms and conditions of their employment, including in

progressive discipline, promotions, and termination, as compared with Ricksy.

43.     Defendant did not accord progressive discipline to Ricksy as compared with her comparators, including, but not limited to, Jacob Kertzinger, Pamela Parker, Joseph (last name unknown), and Tracey (last name unknown).

44.     One of Defendant's policies provided that an employee was not to be fired unless he/she had at least three major scrap hits or client complaints.

45.     Ricksy had no prior scrap hits or client complaints before Defendant fired her.

46.     The aforementioned employees had at least one major scrap hit or customer complaint, yet Defendant did not fire them.

47.     At best, the aforementioned employees received progressive discipline whereas Ricksy did not receive such progressive discipline and was fired.

48.     Defendant took adverse employment actions against Ricksy because of her race, her sex, her disability, its perception of her being disabled, her FMLA requests, her FMLA leaves, and/or her statutorily-protected conduct.

49.     Any reason proffered by Defendant for the adverse actions it took against Ricksy is pretextual.

50.     Ricksy has suffered injury and harm as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions.

## COUNT I

## DISABILITY DISCRIMINATION – ADA

51.     Ricksy hereby incorporates paragraphs 1-50 of her Complaint.

52.     Ricksy asked for reasonable accommodations.

53.     Defendant did not consistently engage in the interactive process with Ricksy and did not consistently provide reasonable accommodations to her.

54.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Ricksy's rights as protected by the ADA.

## COUNT II

## DISABILITY DISCRIMINATION – ADA

55.     Ricksy hereby incorporates paragraphs 1-54 of her Complaint.

56.     Defendant took adverse employment actions against Ricksy because of her disability and/or its perception of her being disabled.

57.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Ricksy's rights as protected by the ADA.

## COUNT III

## RETALIATION – ADA

58.     Ricksy hereby incorporates paragraphs 1-57 of her Complaint.

59.     Ricksy asked for reasonable accommodations, thereby engaging in statutorily-protected conduct.

60.     Defendant took adverse employment actions against Ricksy because of her statutorily-protected conduct.

61.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Ricksy's rights as protected by the ADA.

## COUNT IV

## SEX DISCRIMINATION –TITLE VII

62.     Ricksy hereby incorporates paragraphs 1-61 of her Complaint.

63.     Defendant took adverse employment actions against Ricksy because of her sex.

64.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard

of Ricksy's rights as protected by Title VII.

## COUNT V

## RACE DISCRIMINATION –TITLE VII

65.     Ricksy hereby incorporates paragraphs 1-64 of her Complaint.

66.     Defendant took adverse employment actions against Ricksy because of her race.

67.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard

of Ricksy's rights as protected by Title VII.

## COUNT VI

## RACE DISCRIMINATION – 42 U.S.C.§ 1981

68.     Ricksy hereby incorporates paragraphs 1-67 of her Complaint.

69.     Defendant took adverse employment actions against Ricksy because of her race.

70.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard

of Ricksy's rights as protected by 42 U.S.C.§ 1981.

## COUNT VII

## VIOLATIONS OF THE FMLA

71.     Ricksy hereby incorporates paragraphs 1-70 of her Complaint.

72.     Ricksy asked for FMLA leave.

73.     Ricksy took FMLA-qualifying leaves.

74.     Defendant took adverse employment actions against Ricksy because of her FMLA requests and/or FMLA qualifying leaves.

75.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Ricksy's FMLA rights.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Ramie Fabre' Ricksy, by counsel, respectfully requests that this Court find for her and order that:

1.     Defendant reinstate Ricksy to the same position, salary, and seniority, or pay front pay and benefits to her in lieu of reinstatement;

2.     Defendant pay lost wages and benefits to Ricksy;

3.     Defendant pay compensatory and punitive damages to Ricksy;

4.     Defendant pay liquidated damages to Ricksy;

5.     Defendant pay pre- and post-judgment interest to Ricksy;

6.     Defendant pay Ricksy's attorneys' fees and costs incurred in litigating this action; and

7.     Defendant pay to Ricksy any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No.  21154-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:      (317)955-9500
Facsimile:      (317)955-2570
Email:          jhaskin@jhaskinlaw.com
                bwilson@jhaskinlaw.com
Attorneys for Plaintiff, Ramie Fabre' Ricksy

## DEMAND FOR JURY TRIAL

Plaintiff, Ramie Fabre' Ricksy , by counsel, respectfully requests a jury trial for all issues

deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No.  21154-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:      (317)955-9500
Facsimile:      (317)955-2570
Email:          jhaskin@jhaskinlaw.com
                bwilson@jhaskinlaw.com
Attorneys for Plaintiff, Ramie Fabre' Ricksy